UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LORRAINE HENDERSON, | ) | CRIMINAL NO.  09-10028-DPW |
| | ) | |
| Defendant. | ) | |
| | ) | |

# GOVERNMENT'S MEMORANDUM REGARDING THE LAW OF EMPLOYING AN ILLEGAL ALIEN

In light of the Court's preliminary oral instructions to the jury on the issue of the unlawful employment of aliens, the government hereby submits this memorandum regarding the law governing the employment of illegal aliens.

Title 8, United States Code, Section1324a provides:

(a) Making employment of unauthorized aliens unlawful

(1) In general

It is unlawful for a person or other entity--

(A) to hire, or to recruit or refer for a fee, for employment in the United States an alien knowing the alien is an unauthorized alien (as defined in subsection (h)(3) of this section) with respect to such employment, or

(B) (I) to hire for employment in the United States an individual without complying with the requirements of subsection (b) of this section or (ii) if the person or entity is an agricultural association, agricultural employer, or farm labor contractor (as defined in section 1802 of Title 29), to hire, or to recruit or refer for a fee, for employment in the United States an individual without complying with the requirements of subsection (b) of this section.

(2) Continuing employment

It is unlawful for a person or other entity, after hiring an alien for employment in accordance with paragraph (1), to continue to employ the alien in the United States knowing the alien is (or has become) an unauthorized alien with respect to such employment.

In short, it is unlawful to knowingly hire for employment an alien unauthorized to work in the U.S. or continue to employ the alien once an employer knows that the alien is illegal.

The term "employment" is defined under the Code of Federal Regulations § 274a.1, subpart (h) which states, in relevant part:

> (h)  The term employment means any service or labor performed by an employee for an employer with in the United States . . . . However, employment does not include casual employment by individuals who provide domestic service in a private home that is sporadic, irregular or intermittent

At least one district court has read the above provisions to mean that there is nothing in the statute which would require an individual who hires a casual domestic worker, for a short period of time, to comply with the paperwork requirement set forth in paragraph (a)(1)(B) of 18 U.S.C. §1324a, other than that in the event that the hirer is informed of the employee's illegal status, they are required to terminate employment.  "The exception referenced in the Federal Regulations, is an exception to the documentation requirements for employers, **it does not excuse the continued employment of [a] known undocumented worker**.  8 C.F.R. §274a.1(h). Gray v. City of Valley Park, Missouri, 2008 WL 294294 (E.D. Mo. 2008)(emphasis added); see also Jenkins v. Immigration and Naturalization Service, 108 F.3d 195, 197 (9th Cir. 1997).

Based on Gray, the government submits that the jury should be instructed that if they find that the defendant knew that Fabiana Bitencourt was an illegal alien, that it was unlawful for her to continue to employ her as her cleaning lady.  Gray, 2008 WL294294 at *14.

In that this instruction is contrary to the preliminary oral instruction that the Court has previously given to the jury and the Court's stated intention with regard to the charge of the jury on this point, the government continues here.  If the Court decides not to follow the reasoning of Gray, then the government submits that the defendant's conduct in this case does not trigger the

exception for "casual employment by individuals who provide domestic service in a private home that is sporadic, irregular or intermittent." The evidence presented at trial reveals that the defendant's employment of Ms. Bitencourt was not "casual" as that term is used in the governing regulations. Jenkins, 108 F.3d 199-201 (discussing the temporal exception to domestic service in a private home, stating "[t]he legislative history attempted to carve out an exception for casual or short hires which do not develop into a more permanent employer-employee relationship); see also In re Gaynor, 217 Mass. 86, 88 (1914)(in the context of a worker's compensation claim "[t]he word 'casual' is in common use. Its ordinary signification as shown by the lexiographers, is something which comes without regularity and is occasional and incidental. Its meaning may be more clearly understood by referring to its antonyms which are 'regular,' 'systematic,' 'periodic' and 'certain.'"); Blacks Legal Dictionary (defining "casual" as "occurring without regularity, occasional; impermanent, as employment for irregular periods. Happening or coming to pass without design and without being foreseen or expected, unforeseen; uncertain; unpremeditated.").

   Here , the evidence is clear that Ms. Bitencourt's cleaning of the defendant's home were regular, every two weeks, and systematic. The defendant regularly scheduled Ms. Bitencourt to return, typically by leaving a note on the kitchen table, each time Ms. Bitencourt came to clean. The testimony was that Ms. Bitencourt cleaned the defendant's home 24 times in 2006 and 25 times in 2007, basically every two weeks. The casual employment exception of 274a is not meant to cover the repeated housecleaning services Fabiana Bitencourt provided to the

defendant.

                                      Respectfully submitted,

                                      CARMEN M. ORTIZ
                                      United States Attorney

By:    /s/ Diane C. Freniere
        Diane C. Freniere
        Assistant U.S. Attorney
        U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210

Date:   March 22, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      /s/ Diane C. Freniere
                                      Diane C. Freniere
                                      Assistant United States Attorney