UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )    CRIMINAL NO. 09-10028-DPW
        v.                   )
                             )
LORRAINE HENDERSON,          )
    Defendant.               )

MEMORANDUM
June 27, 2013

The government now seeks leave of court pursuant to Fed. R. Crim. P. 48(a) to dismiss this case in which I have ordered a new trial and the government has withdrawn its appeal from that order.  A discussion (I) regarding the recent travel of the case and (II) regarding the case law construing rule 48(a), including a reflection on my own doubts about whether a requirement of leave of court to discontinue a prosecution is consistent with the separation of powers between the Executive and Judicial Branch, will put in context my decision, reflected in the attached executed Dismissal, to grant the leave sought--to the degree such leave of court may be necessary and proper.

I

Immediately after I denied the government's motion for reconsideration, *United States* v. *Henderson*, 904 F. Supp. 2d 134 (D. Mass. 2012) ("*Henderson II*"), of the order for a new trial in this matter, *United States* v. *Henderson*, 857 F. Supp. 2d 191 (D. Mass. 2012) ("*Henderson I*"), the government filed a Notice of

Appeal from the grant of a new trial and the denial of reconsideration, *United States* v. *Henderson*, *appeal docketed*, No. 12-2192 (1st Cir. Oct. 2, 2012).

As successive scheduled dates for the government to file its opening brief loomed, the government twice sought extensions of time for filing the brief.  In each of its motions for an extension, the government offered the following identical grounds:

> Any decision to appeal is made by the Solicitor General of the United States after several layers of review--in the United States Attorney's Office, the Department of Justice's Criminal Appellate Section, and the Solicitor General's Office.  This review process is not complete. Additional time is needed to complete the process and also to ensure that the United States Attorney's Office has the benefit of any insights of the DOJ and Solicitor General in the event an appeal is authorized and a brief is drafted.

Motion to Extend Time, *United States* v. *Henderson,* No. 12-2192 (1st Cir. Mar. 6, 2013); see also *id.* (1st Cir. Jan. 23, 2013).

The First Circuit allowed both motions; its second order doing so, however, provided an extension only until May 15, 2013, with the admonition that "[w]e are disinclined to grant a request for further enlargement of this deadline."  On May 15, 2013, the government, with the assent of the defendant, moved without explanation to withdraw its appeal; the Court of Appeals entered judgment dismissing the case pursuant to Fed. R. App. P. 42(b), the following day.

The matter was then scheduled in this court for a status conference on June 24, 2013.  However, the government on June 18, filed a "Dismissal of Lorraine Henderson from the Indictment" pursuant to Fed. R. Crim. P. 48(a).  After the defendant submitted a notice of assent to the dismissal, I cancelled the status conference.

                                    II

The requirement of Rule 48(a) that the government seek leave of court to dismiss a prosecution was adopted by the Supreme Court in its 1944 promulgation of the Federal Rules of Civil Procedure.  Under the common law rule of "nolle prosequi," a prosecution could be dismissed without leave of court.  The Advisory Committee on Rules of Criminal Procedure had initially recommended a modest deviation from the common law rule by requiring the prosecutor to file with the court a "statement of reasons" before dismissing a prosecution.  FEDERAL RULES OF CRIMINAL PROCEDURE: REPORT OF THE ADVISORY COMMITTEE 54-55 (June 1944).  The Supreme Court, however, was apparently dissatisfied with the lack of judicial involvement in a dismissal.  *See* Charles E. Glatfelter, Jr., *The Nolle Prosequi under Rule 48(a) of the Federal Rules of Criminal Procedure*, 1978 DET. C. L. REV. 491, 498-99 & n.52 (1978).  The Court modified the Advisory Committee's proposal and without explanation adopted a rule making "leave of court" a prerequisite to dismissal while at the

                                   -3-

same time deleting the Advisory Committee's proposed obligation for the government to provide a "statement of reasons."  *See* Fed. R. Crim P. 48(a) & Advisory Committee's Note to Subdivision (a) (1944 Adoption)[1]; *see generally* 6 MARK S. RHODES, ORFIELD'S CRIMINAL PROCEDURE UNDER THE FEDERAL RULES §§ 48:9-48:11, at 250-51 (2d ed. 1987).

I share the view expressed in the Wright treatise that "[i]t is difficult to see any real or substantial change or benefit achieved by Rule 48(a).  The court is powerless to compel a prosecutor to proceed in a case that he believes does not warrant prosecution."  3B CHARLES ALAN WRIGHT AND PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 802, at 332 (4th ed. 2013).  But the plain terms of the Rule have left to each judge presented with an application for leave to dismiss the obligation to "struggle with its uncertainties as best he or she can."  *Id*. at 332-33.

The Supreme Court has observed that the formal requirement in Rule 48(a) for leave of court as a condition precedent to dismissal "obviously vests some discretion in the court," but has also acknowledged that "the circumstances in which that discretion may properly be exercised have not been delineated by this Court."  *Rinaldi* v. *United States*, 434 U.S. 22, 29 n.15 (1977).  In *Rinaldi*, the Court found it unnecessary to decide

---

[1]This reference is to the final Advisory Committee Notes prepared to accompany the Rules as promulgated by the Supreme Court.

what, if any, grounds would justify the exercise of such
discretion to decline to grant leave to dismiss.  *Id.*  In any
event, the Court in *Rinaldi* held that under Rule 48(a) "the
salient issue . . . is not whether the decision to maintain the
federal prosecution was made in bad faith but rather whether the
Government's later efforts to terminate the prosecution were
similarly tainted with impropriety."  *Id.* at 30.

The Seventh Circuit has observed that there have been
"speculations in some judicial opinions that a district judge
could properly deny a motion to dismiss a criminal charge even
though the defendant had agreed to it.  These opinions say that
such a motion should be denied if it is in bad faith or contrary
to the public interest . . . ."  *In re United States*, 345 F.3d
450, 453 (7th Cir. 2003) (Posner, J.).  But the court also
reported that "we are unaware . . . of any appellate decision
that actually upholds a denial of motion to dismiss a charge on
such a basis."  *Id.*

*In re United States* discussed a more profound dimension to
the "leave of court" requirement of Rule 48(a); the Rule invites
the judiciary to exceed its constitutional role and breach the
separation of powers by intruding upon the plenary prosecution
power of the Executive Branch.  "[T]he plenary prosecutorial
power of the executive branch safeguards liberty, for, in
conjunction with the plenary legislative power of Congress, it
assures that no one can be convicted of a crime without the

-5-

concurrence of all three branches (. . . criminal contempt of

judicial orders constitutes a limited exception).  When a judge

assumes the power to prosecute, the number shrinks to two." *Id*.

at 454.  In this case, I concluded, when ordering a new trial

under a proper Judicial Branch instruction to the jury, that the

Executive Branch had adduced "sufficient evidence, albeit barely"

to support a conviction for the crime the Legislative Branch had

created.  *Henderson I*, 857 F. Supp. 2d at 208.  Thus, here there

was concurrence among the three branches, each exercising their

respective but separate authority, that this prosecution could

proceed.

In the absence of some objection by the affected

defendant--and perhaps not even then--I find it difficult to

square the remedy of withholding leave to dismiss an indictment

in such circumstances with the proper role of the judicial

branch.[2]  Indeed, I question whether leave of court may properly

---

[2]The "leave of court" requirement is typically justified as
protecting against "prosecutorial harassment" in the form of
"charging, dismissing, and subsequently commencing another
prosecution at a different time or place deemed more favorable to
the prosecution." *United States* v. *Salinas*, 693 F.2d 348, 351
(5th Cir. 1982); *see also Rinaldi*, 434 U.S. at 29 n.15.  But this
concern can be addressed if necessary when and if the case is
renewed.  *Salinas*, for example, involved the government's
dismissal of an indictment under Rule 48(a) shortly after jury
selection.  The defendant was later convicted on a superseding
indictment.  The Fifth Circuit reversed the conviction on the
renewed charge upon finding that the government had misled the
trial court about its good faith motive for seeking dismissal of
the first indictment under Rule 48(a).  In reality, the
government had merely been dissatisfied with the jury selection,

be required.

The ground asserted by the government here for dismissal is that further pursuit of this prosecution "would require the expenditure of substantial additional resources.  Given this, as well as the many other matters currently being handled by the U.S. Attorney's Office, the government does not believe that the continued prosecution of this case is warranted."[3]  As I made

_____

and sought to re-charge "in order to get a 'better' jury, a jury more to its liking."  *Id.* at 353.

*Salinas* demonstrates that defendants may adequately protect themselves against harassment by seeking dismissal of an indictment allegedly brought in bad faith.  It is, after all, "hornbook law that a federal court may dismiss an indictment if the accused produces evidence of actual prosecutorial vindictiveness sufficient to establish a due process violation, or even if he demonstrates a likelihood of vindictiveness sufficient to justify a presumption."  *United States* v. *Stokes*, 124 F.3d 39, 45 (1st Cir. 1997).  Although an "extreme remedy," dismissal of an indictment is always available in cases of "serious and blatant prosecutorial misconduct that distorts the integrity of the judicial process."  *United States* v. *Font-Ramirez*, 944 F.2d 42, 46 (1st Cir. 1991).

If the prosecutorial misconduct is apparent when leave to dismiss is sought, Rule 48(a) might be justified as a mechanism for a judge to "condition dismissal on its being with prejudice." *In re United States*, 345 F.3d at 453.  Through this mechanism, a judge might cut off abusive superseding or successive indictments at the pass on otherwise established grounds, such as those referenced in *Stokes* and *Font-Ramirez*, without offending the separation of powers.

[3] The leave of court requirement might also be justified as encouraging transparency in the operation of the criminal justice system.  The prospect of public review will tend to discourage the exercise of poor judgment in charging (and re-charging) decisions.  In this connection, it is unfortunate that the Advisory Committee's proposed version of Rule 48(a), requiring a "statement of reasons" as a predicate to dismissal, was abandoned in favor of "leave of court" requirement requiring no statement of reasons.  Requiring the government to present a statement of its reasons for dismissal in the public record would likely do

clear in my Memorandum and Order granting a new trial, I have
considerable doubt whether the pursuit of this matter as a felony
was warranted in the first place.  I can certainly see no reason
to exercise such discretion as I may have to prevent the
government, after its own reconsideration following the appeal
review process, from exercising its choice to abandon the
prosecution at this point with the assent of the defendant.[4]

     While I continue to be of the view that this felony
prosecution has been improvident from its inception, I find no
identifiable bad faith--only poor judgment--in its pursuit.
Turning specifically to what *Rinaldi* identified the "salient
issue" now before me, 434 U.S. at 30, I can find only good
judgment in the dismissal, albeit belated, of this indictment.
But I emphasize this is the Executive Branch's judgment to
exercise.  As I noted when granting a new trial, "[i]n the larger

_____

more to protect defendants' rights than the bare formality of
obtaining leave of court.  I note some courts have effectively
read the "greater" leave of court requirement to include the
"lesser" statement of reasons requirement.  *See, e.g.*, *United
States* v. *Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (in
granting leave to dismiss under Rule 48(a), "the court will not
be content with a mere conclusory statement by the prosecutor
that dismissal is in the public interest, but will require a
statement of reasons and underlying factual basis").  To its
credit, the government here provided a statement of reasons for
its dismissal of the indictment. It also provided a statement of
reasons for its requests to extend the appellate briefing
schedule (although not for the ultimate withdrawal of the appeal
itself).

     [4] A different approach might be appropriate if a defendant
withheld assent, seeking vindication by demanding resolution of
the government charges on the merits.

scheme of criminal justice proceedings, it is for the government to make the decision whether further pursuing a prosecution like this is a fair, reasonable, and proportionate exercise of prosecutorial discretion under circumstances involving a matter of at most modest culpability." *Henderson I*, 857 F. Supp. 2d at 194.

To the degree my assessment is necessary, proper and not constitutionally supererogatory, I find the dismissal of this prosecution to be a fair, reasonable and proportionate exercise of prosecutorial discretion, and have granted the government leave to dismiss this indictment by signing the attached Dismissal on the line designated by the government.

                              */s/ Douglas P. Woodlock*
                              DOUGLAS P. WOODLOCK
                              UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 09-10028-DPW** |
| | ) | |
| **LORRAINE HENDERSON** | ) | |

### DISMISSAL OF
### LORRAINE HENDERSON FROM THE INDICTMENT

Pursuant to Fed. R. Crim. P. 48(a), the United States Attorney for the District of Massachusetts, Carmen M. Ortiz, hereby dismisses LORRAINE HENDERSON from the Indictment in this matter, which charged her with encouraging and inducing an illegal alien to reside in the United States, in violation of 8 U.S.C. §1324(a)(1)(A)(iv).  In support of this dismissal, the government states that it has already expended substantial resources in this matter, and that a new trial (and any direct appeal that might follow) would require the expenditure of substantial additional resources. Given this, as well as the many other matters currently being handled by the U.S. Attorney's Office, the government does not believe that the continued prosecution of this case is warranted.  Dismissal of the Indictment is therefore in the interests of justice.

Respectfully submitted,

6/18/13
Date

Carmen M. Ortiz
CARMEN M. ORTIZ
United States Attorney

Leave to File Granted:

Douglas P. Woodlock, Judge
United States District Court